IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02839-BNB

BOB ALLEN CUSTARD,

    Plaintiff,

v.

D. ALLRED, et al.,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff, Bob Allen Custard, is a prisoner in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX in Florence, Colorado. Mr. Custard, acting *pro se*, initiated this action by filing a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On November 7, 2011, Magistrate Judge Boyd N. Boland entered an order finding that, among other deficiencies, Mr. Custard's Complaint was disjointed and repetitive and failed to comply with the requirements of Fed. R. Civ. P. 8(a). Magistrate Judge Boland also found that Mr. Custard is subject to 28 U.S.C. § 1915(g) filing restrictions. Mr. Custard was ordered to file an amended complaint that complies with Rule 8(a) and to show cause why he should not be denied leave to proceed *in forma pauperis*. On November 18, 2011, Mr. Custard filed an amended complaint, but the pleading is disjointed and repetitive and again fails to comply with Rule 8.

    The last action Mr. Custard filed with this Court, *Custard v. Lappin. et al.*, No. 07-cv-00844-ZLW (D. Colo. July 26, 2007), was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious. In Case No. 07-cv-00844, the court found that Mr.

Custard was more interested in refusing to comply with court directives than proceeding with the claims he raised. *Id.* at Doc. No. 36. In this case, Mr. Custard has filed eight motions that are unnecessary. The Motion for Recusal also is a baseless opposition to Magistrate Judge Boland's directive to show cause why he should not be denied leave to proceed pursuant to § 1915 and to amend the Complaint. Here, as in Case No. 07-cv-00844, Mr. Custard seeks to resist all Court directives.

Mr. Custard also claims he is unable to complete Section "E. Previous Lawsuits," in the complaint form because he does not have access to his closed case files. In the Motion for Recusal filed in this case, however, he quoted the caption of a motion he filed in Case No. 07-cv-00844-ZLW, indicating that he does have access to his paperwork in previous cases. Mr. Custard's alleged inability to complete Section E. is another refusal to comply with this Court's directives.

The caption Mr. Custard quotes in the Motion for Recusal contains the threatening, profane, and abusive language that served in part as the basis for dismissing Case No. 07-cv-00844-ZLW pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Mr. Custard's quoting of the caption in the Motion for Recusal is unnecessary, inappropriate, and an attempt to use inappropriate language in this case without incurring the consequences he was subjected to in Case No. 07-cv-00844-ZLW.

The Court finds Mr. Custard's actions to be an abuse of the judicial process. Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by entering orders that are "necessary or appropriate in aid of [the Court's] jurisdiction." *See Winslow v. Hunter (In re Winslow),* 17 F.3d 314, 315 (10th Cir. 1994) (per curiam)*; Tripati v. Beaman,* 878 F.2d 351, 352 (10th Cir. 1989). If Mr. Custard continues to abuse the judicial process, the Court will consider other

sanctions in addition to his § 1915(g) filing restrictions.  Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to file an amended complaint that complies with the November 7, 2011 Order.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  8th  day of   December         , 2011.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court