IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02839-LTB

BOB ALLEN CUSTARD,

      Plaintiff,

v.

D. ALLRED, et al.,

      Defendants.

_____

ORDER DENYING MOTION TO RECONSIDER
_____

This matter before the Court is the "Motion for Withdrawal of 'Court Clerk's' Judgment" filed on December 16, 2011.  Mr. Custard seeks the removal of the Clerk's Judgment entered on December 8, 2011.  The Court must construe the Motion liberally because Mr. Custard is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the Court will construe the Motion as filed pursuant to Fed. R. Civ. P. 59(e) and will deny the Motion.

The Court dismissed the action because Mr. Custard failed to comply with the Order of November 7, 2011, directing him to file an amended complaint that conforms to the pleading requirements stated in Fed. R. Civ. P. 8.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment.  *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990).  The Motion was filed on December 16, 2011, within twenty-eight days of the final judgment in this action.  *See* Fed. R. Civ. P. 6(a).  The Court, therefore, will construe the Motion as filed pursuant to Rule 59(e).  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where a court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

Upon consideration of the Motion to Reconsider, the Order of Dismissal, and the entire file, the Court concludes that Mr. Custard fails to demonstrate some reason why the Court should alter or amend the December 8 Order of Dismissal and Judgment in this action.  The Judgment was properly entered by the Clerk of the Court.  Nothing Mr. Custard asserts gives cause for reinstating this case.  Accordingly, it is

ORDERED that Mr. Custard's Motion for Withdrawal of Court Clerk' s Judgment (Doc. No. 23) is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is

DENIED.  It is

FURTHER ORDERED that Mr. Custard's Appeal to a District Judge From a

Magistrate's Order (Doc. No. 20) is DENIED as moot.

DATED at Denver, Colorado, this __20th__ day of __December_____, 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Judge
United States District Court